UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES GONZALES CARDENAS,

v.  Case No. 8:04-cr-82-T-24MSS
         8:05-cv-1566-T-24MSS

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Cardenas' 28 U.S.C. § 2255 motion to vacate, set, aside, or correct an allegedly illegal sentence filed by Defendant's retained counsel. (Doc. cv-1; cr-46).

PROCEDURAL BACKGROUND

On May 20, 2004, Cardenas pled guilty pursuant to a written plea agreement to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. cr-25 [Plea Agreement]; cr-38 [Judgment]; cr-1 [Indictment]; cr-48 and cr-51 [Transcripts of Guilty Plea Hearing]).

On August 23, 2004, the Court sentenced Cardenas to 135 months incarceration. The undersigned United States District Judge signed the judgment the same day. (Doc. cr-38). Cardenas did not appeal the conviction and sentence.

On August 23, 2005, Cardenas, through retained counsel, timely filed the present 28 U.S.C. § 2255 motion to vacate. Cardenas alleged that he was entitled to file an out-of-time appeal because he asked his attorney to file a notice of appeal and the attorney did not do so. Cardenas alleged that his attorney was ineffective for failing to file the Notice of Appeal and that counsel's ineffective performance prejudiced Cardenas. Cardenas also alleged, as a separate ground, that his plea was not knowingly and voluntarily entered and that his appeal waiver was not knowing and voluntary.

On April 24, 2006, the Court entered an order denying Cardenas' claim that his plea was not knowingly and voluntarily entered and that his appeal waiver was not knowing and voluntary. (Doc. cv-8). In that same order, the Court set an evidentiary hearing for June 2, 2006, on Cardenas' claim that he was entitled to an out-of-time direct appeal because his attorney failed to file a Notice of Appeal after Cardenas requested the attorney to do so, and that his attorney was ineffective for failing to file a Notice of Appeal.

On June 2, 2006, the evidentiary hearing was held before the undersigned United States District Judge. Defendant Cardenas and Frank de la Grana, Esq. ,who represented Cardenas during the criminal proceedings, testified at the hearing.

Cardenas testified that he told his attorney to file a Notice of Appeal in the court room after his sentencing. He also testified that family members contacted Attorney de la Grana several months later to ask whether an appeal was pending. Cardenas did not identify the family members. Cardenas also testified that Attorney de la Grana represented to him that there might be viable appeal issues under Blakely v. Washington, 542 U.S. 296 (2004). However, he never contacted Attorney de la Grana about an appeal after the date of the sentencing.

Attorney de la Grana, who is an experienced criminal defense lawyer, testified that Cardenas asked him immediately after the sentencing, while they were still in the courtroom, if he should file an appeal. He testified that he advised Cardenas that there was no reasonable basis for filing an appeal, and that after that discussion Cardenas did not ask him to file an appeal. Attorney de la Grana testified that he had represented many criminal defendants in his career and if they asked him to file an appeal he did it. He also testified that neither Cardenas nor any of his relatives contacted him after the sentencing about filing an appeal.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court established a three-step analytical framework to be applied in assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under Flores-Ortega, courts first must establish whether a defendant requested that his attorney file a notice of appeal. If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable. Id. at 477. If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal. In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 488. "If counsel has consulted with the defendant ... then [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself

constitutes deficient performance." <u>Id.</u> In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." <u>Id.</u> at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u>

In the present case, pursuant to <u>Flores-Ortega</u>, there is a factual dispute as to whether Cardenas requested Attorney de la Grana to file a Notice of Appeal and de la Grana failed to do so after Cardenas' request.

Accordingly, the Court orders:

1. Cardenas' section 2255 motion to vacate (Doc. cv-1; cr-46) is granted to the extent that he is entitled to file an out-of-time appeal. The Clerk is directed to enter judgment in civil case 8:05-cv-1566-T-24MSS as follows: for Cardenas as to the claim that counsel was ineffective for failing to file a notice of appeal after being asked to do so and for the United States on the claim that his plea was not knowing and voluntarily entered and the waiver of appeal was not knowing and voluntary. The clerk is directed to close the civil case.

2. The Clerk is directed to vacate the judgment entered in criminal case 8:04-cr-82-T-24MSS on August 23, 2004 and enter the identical judgment in that case as of the date of this order. <u>See</u> <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000).

3. Cardenas is entitled to appeal to the extent permitted by the plea agreement.

4. The time for filing a notice of appeal from the re-imposed sentence is 10 days

from the date of the entry of judgment. See Rule 4(b)(1)(A)(i), Rules of Appellate Procedure.

ORDERED at Tampa, Florida, on June 2, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record